UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOAQUIN FRANQUI III, Administrator of the ESTATE
OF JACK FRANQUI IV,

                Plaintiff,

                -against-

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, POLICE OFFICER
KAREN GRENIA, POLICE OFFICERS JOHN AND
JANE DOES 1-10,

                Defendants.

-------------------------------------------------------------------------X

CV-13-5943
(JS)(WDW)

PLAINTIFF'S
FIRST REQUEST
FOR THE
PRODUCTION OF
DOCUMENTS AND
THINGS

**PLAINTIFF'S FIRST SET OF DEMANDS FOR THE PRODUCTION OF DOCUMETNS
AND THINGS TO DEFENDANT COUNTY OF SUFFOLK**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff requests that Defendants produce documents responsive to the following requests within thirty (30) days of service of this Request, at 10:00 a.m. at the Law Office of Anthony M. Grandinette, 114 Old Country Road, Suite 420, Mineola, New York, 11501. Inspection will be made and copying will be done at Plaintiff's expense, and the documents will be promptly returned after copying has been completed.

**Definitions**

The following definitions and principles shall be deemed to have the meaning set forth herein, and are incorporated herein and throughout this and each succeeding set of discovery requests, if any, as though fully set forth at length, unless expressly stated to the contrary.

A. **"Communication"** means documents and any oral statement(s) made or transmitted by any Person.

B. **"Document"** means, without limitation, writings, memoranda, transcripts, docket entries, exhibits, drawings, graphs, charts, photographs, phone records, tapes, computer files, datebooks, time sheets, logs, electronic or computerized data compilations, and any other data compilation from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of this term.

C. **"Person"** means any natural person or persons, and any firm, corporation, association, partnership, or any other form of legal entity, unless expressly stated otherwise.

D. **"SCPD"** means the Suffolk County Police Department and any employee or Division therein.

E. **"You"** or **"Your"** mean the party to whom these requests are made, its agents, employees, representatives, attorneys, those employed by its attorneys, and all other persons or entities acting on its behalf.

## Instructions

Unless conclusively negated by the context of the request, the following instructions are applicable to all requests:

A. You shall restate each document request in full before responding to it. Each document request must be accorded a separate answer. You shall first set forth verbatim the document request to which it is responsive before setting forth its response. You shall not combine requests or subparts thereof for the purpose of supplying a common answer. The answer to a document request or subpart must not be supplied by referring to the answer to another request for documents unless the request for documents or the subpart referred to supplies a complete and accurate answer to the request for documents or subpart being answered.

B. Each document request seeks production of the documents in their entirety, without abbreviation or expurgation.

C. Each request produced must appear in the form, order, and condition that they are in on the day that these document requests are served, including all comments, notes, remarks, or other materials which may have been added to documents subsequent to their initial preparation. Documents that in their original condition were stapled, clipped, or otherwise fastened together must be produced in such form.

D. Documents not otherwise responsive to a request must be produced if such documents refer to, relate to, or explain the documents called for in this Request, or if such documents are attached to documents called for in this Request and constitute route slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

E. If the answer to the request is "none," the word "none" shall be written in the answer.

F. If documents responsive to any request are not in your possession but within your control, if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof, identify the person in possession or custody.

G. If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

2

H. If you object to any request on the grounds of privilege, your response must identify the nature of the responsive information and specify the claimed privilege in a log, consistent with Rule 26(b)(5).

I. Where the term "identify" is used in reference to an individual or person, it asks for the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment.

J. Where the term "identify" is used in reference to a document or writing, it calls for a description of the type of document or writing, the date it bears, its general subject matter, author, present or last known location, date of transfer, and custodian, including the same identifying information for the custodian as required for all persons as set forth above.

K. If any document request cannot be complied with in full, you shall comply with it to the extent possible, with an explanation as to why full compliance is not possible.

L. As required by Rule 26(e), you must promptly amend or supplement answers or disclosures within thirty (30) days after additional information or material is acquired, and in no event later than thirty (30) days before trial.

## Requests for Production

1. Produce any and all documents pertaining to the investigation into the events of January 23, 2013 at or about 6 Cordwood Path, Shoreham, New York and at the Suffolk County Police Department, Seventh Precinct, resulting in the death of Jack Franqui IV, until the present day, including but not limited to, the following:

    a. The complete investigative file(s) of any and all agencies within the SCPD, *e.g.*, detective division, internal affairs division, district attorney's office, etc., reproduced in original form with cover and index sheets;

    b. Any 911 calls on January 23, 2013, including but not limited to the alleged complaint of a suspicious vehicle in the area around 6 Cordwood Path, Shoreham, New York;

    c. All 911 calls made on or about January 23, 2013 relating to Jack Franqui IV, Simon Earl, or this incident;

    d. All SCPD communications, including radio communications and transmissions concerning officers responding to 6 Cordwood Path, Shoreham, New York, on January 23, 2013. This material should include all communications such as record checks and license plate requests, etc.;

e. All SCPD communications, including radio communications and transmissions concerning officers at the scene of 6 Cordwood Path, Shoreham, New York on January 23, 2013, as well as communications with the SCPD. This material should include all communications such as record checks and license plate requests, etc.;

f. All SCPD communications, including radio communications and transmissions concerning officers transporting Jack Franqui IV from or about 6 Cordwood Path, Shoreham, New York, to the SCPD Seventh Precinct. This material should include all communications such as record checks and license plate requests, etc.;

g. All documents reflecting actions taken by any SCPD officer or SCPD civilian employee related to this matter;

h. All police documents including reports, notes, prisoner log books, arrest paperwork, etc., generated by the SCPD relating to the arrest of Jack Franqui IV on January 23, 2013;

i. All documents including arrest paperwork generated by the SCPD relating to the arrest of John Burke on January 23, 2013;

j. All prisoner/inmate logs, records, videos, statements relating to the detainment and monitoring of Jack Franqui IV and John Burke in a Seventh Precinct holding cell on January 23, 2013;

k. A complete list of the names and shield numbers of any individual who participated in or recorded information on the prisoner/inmate logs relating to the detainment and monitoring of Jack Franqui IV and John Burke;

l. All documents created by the SCPD, or any other agency in your custody including the NY State Department of corrections, including but not limited to statements, notes, discussions, and reports with witnesses or potential witnesses, whether oral, audio, video recorded, or written ;

m. All documents shared between members of the SCPD concerning this incident including but not limited to e-mails, letters, documents, transcripts, interview notes, witness statements, photographs, reports, and test results;

n. All documents, audio or video recordings, notes, memoranda, and reports relating to discussions, interrogations, interviews with, or statements taken from, any witnesses, potential witnesses, or informants at any time in the investigation, whether or not under oath, including polygraph tests and its data and results;

o. All evidence logs, evidence vouchers, chain of custody documents, wiretaps, probable cause affidavits, arrest warrants, signed waivers, photographs, including

4

> true and accurate (color) copies of photographic arrays and photopacks in the form displayed to witnesses, identification procedures, medical examinations and reports, investigative reports and supplements, interdepartmental memoranda, and news reports;
>
> p. All memo books, notebooks, and notes from all investigating officers, identified by officer name and shield number;
>
> q. All reports, notes, memoranda, and communications with or by local police departments;
>
> r. All communications between SCPD officers or detectives, the Suffolk County District Attorney's Office, and the New York State Department of Corrections;
>
> s. All time sheets and log books for January 23, 2013, for the SCPD Seventh Precinct, patrol division, Detective Squad, and all commanding officers and administrative/civilian employees, including ledger books reflecting arrival and departure from the precinct;
>
> t. A list of all commanding officers and deputy commanding officers of the SCPD Seventh Precinct and Squad, and their official titles and divisions;
>
> u. Photographs of all SCPD employees who came into contact with either Jack Franqui IV or Simon Earl on January 23, 2013; and
>
> v. Photographs of all SCPD employees who came into contact with Jack Franqui IV or John Burke at the Seventh Precinct on January 23, 2013; and
>
> w. All documents submitted to or received by the New York State Department of Corrections concerning any issue related to the in-custody death of Jack Franqui IV while in the holding cell area of the SCPD Seventh Precinct.

2. To the extent not otherwise requested above, produce any and all documents created by the SCPD or within the custody and/or control of the SCPD regarding Jack Franqui IV.

3. To the extent not otherwise requested above, produce all documents within the custody and/or control of the Suffolk County District Attorney's Office pertaining to Jack Franqui IV.

4. Produce all statements given by Jack Franqui IV to Defendants on January 23, 2013.

5. Produce all logbooks, rosters of names, and employee sign-in sheets for all employees assigned to the SCPD Seventh Precinct on January 23, 2013.

6. Produce all audio or visual recordings pertaining to the arrest and detainment of Jack Franqui IV on January 23, 2013, including but not limited to video surveillance within the SCPD Seventh Precinct.

7. Produce blueprints or architectural renditions exhibiting the physical layout of the SCPD Seventh Precinct holding cell area.

8. Produce all documents reflecting SCPD rules and regulations regarding minimal temperatures that are required to be maintained in a SCPD precinct holding cell area.

9. Produce all documents indicating the temperatures of the SCPD Seventh Precinct holding cell area on January 23, 2013, including but not limited to maintenance logbooks.

10. Produced the complete record and all findings by the Suffolk County Office of the Medical Examiner on Jack Franqui IV, including but not limited to all notes, memoranda, physical examination reports, toxicology reports, and all photographs taken, including true and accurate (color) copies.

11. Produce all documents reflecting SCPD policies, practices, customs, procedures, rules, regulations, and laws, whether written or oral, and any modifications thereto, which were in effect on January 23, 2013, and all related filing and reporting requirements concerning the following categories:

    a. Conducting criminal investigations;

    b. Documenting investigations and records-keeping;

    c. Documenting and disclosing exculpatory and impeachment evidence;

    d. Investigatory stops and arrests when an individual is suspected of being impaired by the use of drugs;

    e. Investigatory stops and arrests when an individual is suspected of operating a motor vehicle while being impaired by the use of drugs;

    f. Authorizing SCPD officers to make arrests without an arrest warrant;

    g. Handling and vouchering evidence and documenting and preserving chain of custody;

    h. Fabricating evidence;

    i. Communicating with prosecutors;

    j. Right to counsel;

k. Interrogating or interviewing suspects and witnesses;

l. Coercing, threatening, intimidating, or pressuring witnesses or suspects;

m. Offering promises, rewards, or inducements to witnesses or suspects;

n. The use of physical force, deadly and non-deadly;

o. Threats of physical force, deadly and non-deadly;

p. Processing arrestees/detainees post arrest;

q. The supervision and monitoring of arrestees/detainees in SCPD precinct holding cells, including the use of video surveillance;

r. The medical care, treatment, and supervision of arrestees/detainees with physical injuries;

s. The medical care, treatment, and supervision of arrestees/detainees who threaten suicide and/or commit physical acts in furtherance of such threats;

t. The suicide of an arrestee/detainee within the custody and/or control of the SCPD.

u. Duty to intercede and prevent crime and other misconduct committed by other officers;

v. Duty to report crime and misconduct by other officers;

w. Duty to intercede when it is known that excessive force has been used on an arrestee/detainee;

x. Duty to intercede if medical care is being delayed or denied to an arrestee/detainee suffering from an illness or injury; and

y. Duty to adequately screen, train, discipline, and retain SCPD officers.

12. To the extent not otherwise requested above, produce all documents pertaining to the administrative proceedings of the SCPD.

13. Produce any and all documents relating to training received by SCPD officers, whether internal or external and written or oral, and any modifications thereto, from the date Defendant Police Officer Karen Grenia ("Grenia") was hired by the SCPD to the present, with respect to the following categories:

a. Conducting criminal investigations;

b. Documenting investigations and records-keeping;

c. Documenting and disclosing exculpatory and impeachment evidence;

d. Investigatory stops and arrests when an individual is suspected of being impaired by drugs;

e. Investigatory stops and arrests when an individual is suspected of operating a motor vehicle while being impaired by drugs;

f. Authorizing SCPD officers to make arrests without an arrest warrant;

g. Handling and vouchering evidence and documenting and preserving chain of custody;

h. Fabricating evidence;

i. Communicating with prosecutors;

j. Right to counsel;

k. Interrogating or interviewing suspects and witnesses;

l. Coercing, threatening, intimidating, or pressuring witnesses or suspects;

m. Offering promises, rewards, or inducements to witnesses or suspects;

n. The use of physical force, deadly and non-deadly;

o. Threats of physical force, deadly and non-deadly;

p. Processing arrestees/detainees post arrest;

q. The supervision and monitoring of arrestees/detainees in SCPD precinct holding cells, including the use of video surveillance;

r. The medical care, treatment, and supervision of arrestees/detainees with physical injuries;

s. The medical care, treatment, and supervision of arrestees/detainees who threaten suicide and/or commit physical acts in furtherance of such threats;

t. The suicide of an arrestee/detainee within the custody and/or control of the SCPD.

u. Duty to intercede and prevent crime and other misconduct committed by other officers;

v. Duty to report crime and misconduct by other officers;

8

    w. Duty to intercede when it is known that excessive force has been used on an
       arrestee/detainee;

    x. Duty to intercede if medical care is being delayed or denied to an arrestee/
       detainee suffering from an illness or injury; and

    y. Duty to adequately screen, train, discipline, and retain SCPD officers.

14. Produce any and all documents concerning the supervision of SCPD officers from the
date Grenia was hired by the SCPD to the present, including but not limited to policies,
procedures, customs, practices, rules, regulations, and laws, whether written or oral, and
any modifications thereto, for daily, weekly, yearly, and other supervision of officers and
detectives, reflecting the supervision of Grenia and the John and Jane Does who arrested
and/or detained Jack Franqui IV on January 23, 2013.

15. Produce any and all documents regarding SCPD and Suffolk County policies, procedures,
customs, practices, rules, regulations, and laws, whether written or oral, and any
modifications thereto, from the date Grenia was hired by the SCPD to the present,
pertaining to chain of custody of forensic evidence, including but not limited to the
collection, storage, transfer, and preservation of forensic evidence and record-keeping of
the same.

16. To the extent not otherwise requested above, produce any and all documents created by
the SCPD in connection with the January 23, 2013 arrest and detainment of Jack Franqui
IV pertaining to defendant Grenia, including, but not limited to, the following:

    a. All documents reflecting communications, meetings, interviews, or contact of any
      kind with Grenia, whether oral, written, audio, or video recorded, and the dates
      thereof;

    b. All statements by Grenia, whether oral, written, audio, or video recorded, and the
      dates thereof;

    c. All communications pertaining to Grenia, whether oral, written, audio, or video
      recorded, by an employee or agent of the SCPD with any other agency or entity,
      including but not limited to the Suffolk County District Attorney's Office;

    d. To the extent not described above, any document pertaining to or referencing
      Grenia in any way.

17. Produce the personal and business cell phone numbers and records of Grenia for January
24, 2013.

18. Produce Grenia's complete personnel files, including but not limited to:

    a. Grenia's complete application for employment with the SCPD;

b. All documents relating to background investigations conducted at any time prior to hiring;

c. Complete medical and psychological records, including pre-employment testing or evaluation and any follow-up or subsequent testing or evaluation after being hired;

d. Complete training records, including but not limited to all syllabi, course descriptions, records of attendance in any in-house or outside training courses, and training-related evaluations and testing results;

e. All records and communications concerning promotions or changes of assignment, including but not limited to applications for promotions, the results of any promotion-related examinations, and records or communications relating to precinct assignments or transfers;

f. All documents relating to performance evaluations;

g. All documents relating to salary, payment, and expense records and reports;

h. All documents relating to any civilian complaints, irrespective of whether the complaint(s) were substantiated;

i. All documents relating to any SCPD internal allegations, complaints, or investigations of misconduct, irrespective of whether the complaint(s) were substantiated;

j. All documents created by or are in the possession of, at any time, departmental supervisor(s) regarding any allegation(s) of misconduct of any kind, and/or any action taken in response to such allegation(s);

k. All documents reflecting any criticism, discipline, or remediation, in any form, concerning misconduct;

l. All Notices of Claim filed with Suffolk County naming Grenia, or which although not named, allege misconduct attributable to her;

m. All documents concerning civil or criminal lawsuits involving misconduct allegations against Grenia, includingbut not limited to, notes, pleadings, depositions, reports, correspondence, findings, decisions, settlements, and documents concerning the removal of this defendant from any civil or criminal lawsuit;

n. All documents concerning civil or criminal lawsuits involving allegations of official misconduct in which Grenia was a witness, including but not limited to,

notes, depositions, reports, pleadings, correspondence, findings, decisions, and settlements;

o.  All documents concerning allegations of misconduct from any source;

p.  All documents concerning Grenia's criminal history, including but not limited to all documents reflecting investigations in which Grenia has been charged, arrested, incarcerated, or suspected of a crime;

q.  All requests for leave of absence, disability, or early retirement;

r.  All requests for authorization to engage in employment outside of the SCPD; and

s.  All documents relating to awards, decorations, or positive citations bestowed for any positive acts or qualities for this defendant.

19. Produce any and all documents reflecting police presence or activity on or about Cordwood Path, Shoreham, New York, from January 23, 2013 to the present.

20. Produce any and all documents and communications pertaining to the traffic stop of Simon Earl on April 4, 2013 at or about North County Road and Norman Drive, Shoreham, New York.

21. Produce any and all documents reflecting allegations from any source that Grenia or any of the John and Jane Does pressured, intimidated, abused, threatened, coerced, or made promises, rewards, or inducements to any witness, crime victim, or suspect, whether or not the allegations were substantiated, from the date Grenia was first hired by the SCPD to the present, including but not limited to any charges, statements, notes, reports, memoranda or correspondence, transcripts, findings, conclusions, or recommendations made by investigating authorities, and civil, administrative, or criminal complaints originating from civilians or law enforcement personnel.

22. Produce any and all documents reflecting allegations from any source that Grenia or any of the John and Jane Does engaged in the fabrication of evidence, whether or not the allegations were substantiated, from the date Grenia was first hired by the SCPD to the present, including but not limited to any charges, statements, notes, reports, memoranda or correspondence, transcripts, findings, conclusions, or recommendations made by investigating authorities, and civil, administrative, or criminal complaints originating from civilians or law enforcement personnel.

23. Produce any and all documents reflecting allegations from any source that any of the individual defendants engaged in the spoliation, destruction, and/or withholding of evidence, whether or not the allegation were substantiated, from the date Grenia was first hired by the SCPD to the present, including but not limited to any charges, statements, notes, reports, memoranda or correspondence, transcripts, findings, conclusions, or

recommendations made by investigating authorities, and civil, administrative, or criminal complaints originating from civilians or law enforcement personnel.

24. Produce any and all documents relating to any policy and/or decision by the SCPD to indemnify or refuse to indemnify any SCPD officer, including Grenia, for misconduct other than negligence.

25. Produce any and all insurance policies in your name, including all policies covering the SCPD and its employees, whether or not you believe the policy to cover the acts and omissions alleged in this lawsuit.

26. Plaintiff reserves the right to supplement and amend the foregoing requests for production of documents. Additionally, Plaintiff reserves the right to utilize other discovery mechanisms available to him.

Dated:     Mineola, New York
           January 29, 2014

                                        _____
                                        Anthony M. Grandinette, Esq.
                                        Attorney for Plaintiff
                                        Law Office of Anthony M. Grandinette
                                        114 Old Country Road, Suite 420
                                        Mineola, New York 11501
                                        (516) 877-2889

12