# The Law Office of
# ANTHONY M. GRANDINETTE

114 Old Country Rd. Suite 420 • Mineola, NY 11501

Mirel Fisch
Admitted in New York/New Jersey

Of Counsel:
Paul Casteleiro
New Jersey

Telephone: (516) 877-2889
Facsimile: (516) 294-5348
Email: Grandinettelaw@gmail.com

May 27, 2014

Arlene S. Zwilling
Assistant County Attorney
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788

                        Re:     Franqui, et al. v. County of Suffolk et al.,
                                  CV-13-5943

Dear Ms. Zwilling,

      Enclosed please find a copy of Plaintiffs' Second Demand for the Production of Documents and Things, Plaintiffs' responses to Defendants' Request for Documents Pursuant to Rules 26(a)(2) and 34, and an Authorization to Unseal Records, executed by Jack Franqui III, Administrator of the Estate of Jack Franqui IV.

      We received the disclosure dated May 21, 2013 containing 2 CDs of photos related to this case. However, we received two duplicate copies of the SCPD photographs taken in connection with Jack Franqui's arrest—the resisting photos. There was no CD containing photos related to the SCPD investigation into his death. Accordingly, please provide us with a copy of that CD.

      You had previously indicated that you will be reaching out to the Suffolk County District Attorney's Office regarding the production of their file on this matter. We have not yet heard back from you regarding the status of that inquiry. In the event they will not voluntarily comply with production requests, we prepared a so-ordered subpoena to compel their compliance.

      We are also still waiting to hear back from you on the status of your inquiry to the Suffolk County Police Department regarding the production of the 911 call referenced in the Use of Force Summary signed by Lt. Alexander Crawford. We prepared a so-ordered subpoena for the production of that 911 call, which we are prepared to file given that we discussed this matter several times and have not received a response.

      We previously discussed visiting the Suffolk County Office of the Medical Examiner to examine the documents in its possession related to this case, and to inspect and photograph the physical property belonging to Jack Franqui such as his clothing. We would like to have the requested information and documents prior to the next depositions. We have not heard back from you with your availability dates. Accordingly, please contact us to set up a mutually convenient date visit the Suffolk County Office of the Medical Examiner.

   We also discussed viewing and photographing the Suffolk County Police Department Seventh Precinct, specifically the holding cell area. All photos taken will be used solely for the purpose of prosecuting this action. We would also like to inspect the video-monitoring and intercom systems in place in the Seventh Precinct, as reported in the Supplement Report of the in-custody death of Jack Franqui, CC 13-069046, dated February 23, 2013, signed by D/Sgt. John Best. We would also like to have this information prior to the next depositions. We have not heard back from you with your availability dates. Accordingly, please contact us to set up a mutually convenient date visit the Suffolk County Police Depart Seventh Precinct.

   Please sign and return the Stipulation and Order of Confidentiality which we had provided to you after the deposition of Darryl Moore on May 1, 2014, or submit another document to us for our review.

   Lastly, you had informed us that you would inquire as to the Suffolk County Police Department's abilities to perform keyword searches through its electronic databases. Please inform us as to the status of that inquiry.

   Please contact our office with any questions or concerns regarding these matters.

                              Sincerely,

                              Mirel Fisch, Esq.
                              The Law Office of Anthony M. Grandinette
                              Attorneys for Plaintiffs
                              114 Old Country Road, Suite 420
                              Mineola, New York 11501
                              (516) 877-2889

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
JOAQUIN FRANQUI III, Administrator of the ESTATE
OF JACK FRANQUI IV,

    CV-13-5943
    (JS)(WDW)

              Plaintiff,

    -against-

    **PLAINTIFFS' SECOND DEMAND FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, POLICE OFFICER KAREN
GRENIA, AND POLICE OFFICERS JOHN AND JANE
DOES 1-10,

              Defendants.
---------------------------------------------------------------------------X
SIMON EARL, NICHOLAS EARL, AND ANNE EARL,

              Plaintiffs,

    -against-

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, POLICE OFFICER KAREN
GRENIA, POLICE OFFICERS JOHN AND JANE
DOES 1-10,

              Defendants.
---------------------------------------------------------------------------X

## PLAINTIFF'S SECOND SET OF DEMANDS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff requests that Defendants produce documents responsive to the following requests within thirty (30) days of service of this Request, at 10:00 a.m. at the Law Office of Anthony M. Grandinette, 114 Old Country Road, Suite 420, Mineola, New York, 11501. Inspection will be made and copying will be done at Plaintiff's expense, and the documents will be promptly returned after copying has been completed.

### Instructions

Unless conclusively negated by the context of the request, the following instructions are applicable to all requests:

1

A. You shall restate each document request in full before responding to it. Each document request must be accorded a separate answer. You shall first set forth <u>verbatim</u> the document request to which it is responsive before setting forth its response. You shall not combine requests or subparts thereof for the purpose of supplying a common answer. The answer to a document request or subpart must not be supplied by referring to the answer to another request for documents unless the request for documents or the subpart referred to supplies a complete and accurate answer to the request for documents or subpart being answered.

B. Each document request seeks production of the documents in their entirety, without abbreviation or expurgation.

C. Each request produced must appear in the form, order, and condition that they are in on the day that these document requests are served, including all comments, notes, remarks, or other materials which may have been added to documents subsequent to their initial preparation. Documents that in their original condition were stapled, clipped, or otherwise fastened together must be produced in such form.

D. Documents not otherwise responsive to a request must be produced if such documents refer to, relate to, or explain the documents called for in this Request, or if such documents are attached to documents called for in this Request and constitute route slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

E. If documents responsive to any request are not in your possession but within your control, if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof, identify the person in possession or custody.

F. If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

G. If you object to any request on the grounds of privilege, your response must identify the nature of the responsive information and specify the claimed privilege in a log, consistent with Rule 26(b)(5).

H. If any document request cannot be complied with in full, you shall comply with it to the extent possible, with an explanation as to why full compliance is not possible.

I. As required by Rule 26(e), you must promptly amend or supplement answers or disclosures within thirty (30) days after additional information or material is acquired, and in no event later than thirty (30) days before trial.

## Demands

1. Produce the complete set of the Suffolk County Police Department Communications Bureau transmissions that relates to Jack Franqui's arrest, specifically relating to:

    a. before Officer Grenia responded to Cordwood Path on January 23, 2013, and

    b. after Jack Franqui was placed under arrest, and then transported from Cordwood Path to the Seventh Precinct.

    We only received transmissions related to Officer Grenia stating she already had Jack Franqui and Simon Earl at gunpoint, and the request for backup and animal control.

2. Produce a copy of all the booking photos (as opposed to resisting photos) of Jack Franqui on January 23, 2013.

3. Produce the complete set of the Suffolk County Police Department transmissions related to Jack Franqui's passing, including but not limited to:

    a. Notification to the Homicide Burea.

    b. Notification to the Office of the Medical Examiner.

    c. Notification to the Crime Scene Unit.

    d. Notification to Chief John Meehan.

4. Produce a copy of all the calls from the Seventh Precinct retrieved and/or downloaded by Sgt. William Okula referred to on page 4 of the Supplement Report of the in-custody death of Jack Franqui, CC 13-069046, dated February 23, 2013, signed by D/Sgt. John Best.

5. Produce a copy of the crime scene photos, measurements, and sketches taken by PO Patricia Rowe and PO Richard Howell, at the Seventh Precinct on January 23, 2013, as reported on page 1 of the Supplement Report of the in-custody death of Jack Franqui, CC 13-069046, dated February 23, 2013, signed by D/Sgt. John Best.

6. Produce a copy of the video recordings from the Seventh Precinct on January 23, 2013 of:

    a. Male cell numbers 1, 2, and 3, between 1300 and 2036 hours,

    b. All other video recordings of male cells in the Seventh Precinct between 1820 and 2036 hours, and

    c. The female cell in which Jennifer Smith was lodged between 1300 and 2036 hours.

7. Produce a copy of the Prisoner Activity Log of John Burke on January 23, 2013.

8. Produce a copy of the Prisoner Activity Log of Jennifer Smith on January 23, 2013.

9. Produce a copy of the two-page sworn statement of John Burke taken by Detective Alfred Ciccotto on January 23, 2013 as reported on page 4 of the Supplement Report of the in-custody death of Jack Franqui, CC 13-069046, dated February 23, 2013, signed by D/Sgt. John Best.

10. Produce a copy of all interview notes taken by Detective Alfred Ciccotto of his interview of John Burke on January 23, 2013, as reported on page 4 of the the Supplement Report of the in-custody death of Jack Franqui, CC 13-069046, dated February 23, 2013, signed by D/Sgt. John Best.

11. Produce a copy of all interview notes taken by Detective Alfred Ciccotto of his interview of Simon Earl, as reported on page 5 of the the Supplement Report of the in-custody death of Jack Franqui, CC 13-069046, dated February 23, 2013, signed by D/Sgt. John Best.

12. Produce a copy of all interview notes taken by Detective Charles Leser of his interview with Joaquin Franqui, as reported on page 4-5 of the the Supplement Report of the in-custody death of Jack Franqui, CC 13-069046, dated February 23, 2013, signed by D/Sgt. John Best.

13. Produce a copy of all interview notes taken by Detective Charles Leser of his interview with Jennifer Smith, as reported on page 5 of the the Supplement Report of the in-custody death of Jack Franqui, CC 13-069046, dated February 23, 2013, signed by D/Sgt. John Best.

14. Produce a copy of all notes taken by Detective Ronald Tavares related to this case.

15. Produce a copy of all interview notes taken by Detective Tulio Serrata of his interview of Police Operation Aide Denis Reidway as reported on page 4 of the the Supplement Report of the in-custody death of Jack Franqui, CC 13-069046, dated February 23, 2013, signed by D/Sgt. John Best.

16. Produce a copy of all other notes, memos, and/or reports related to the death of Jack Franqui.

17. Produce a copy of D/Sgt John Best's case folder, CC 13-069046.

18. Produce a copy of the entire Homicide Bureau's file related to the death of Jack Franqui.

19. Produce a copy of the entire Medical Examiner's file on Jack Franqui, including but not limited to all photos, notes, memos, draft reports, and the final report.

20. Produce a copy of all paperwork submitted to the New York State Department of Corrections related the death of Jack Franqui from January 23, 2013 through today's date.

21. Produce a copy of all paperwork received from the New York State Department of Corrections related the death of Jack Franqui from January 23, 2013 through today's date.

22. Produce a copy of all paperwork submitted to the United States Department of Justice related the death of Jack Franqui from January 23, 2013 through today's date.

23. Produce a copy of all paperwork received from the United States Department of Justice related the death of Jack Franqui from January 23, 2013 through today's date.

24. Produce all other recorded phone calls, statements, and transmissions related to this case.

25. Produce all documents previously demanded in Plaintiffs' First Request for the Production of Documents and Things dated January 29, 2014 and April 2, 2014, which have not yet been produced.

Dated:   Mineola, New York
         May 27, 2014

Mirel Fisch, Esq.
Attorney for Plaintiff
Law Office of Anthony M. Grandinette
114 Old Country Road, Suite 420
Mineola, New York 11501
(516) 877-2889

5