UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOAQUIN FRANQUI III, Administrator of the Estate of JACK FRANQUI IV,

                            Plaintiff,

-against-

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, POLICE OFFICER KAREN GRENIA, POLICE OFFICERS JOHN AND JANE DOES 1-10,

                            Defendants.

**RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

CV13-5943

(JS)(WDW)

    Defendants, the County of Suffolk, Suffolk County Police Department and Police Officer Karen Grenia, hereby respond as follows to Plaintiff's First Request For the Production of Documents and Things:

    1a)    Objection on grounds of New York Civil Rights Law §50-a, relevance and materiality. Notwithstanding the forgoing objections, and while fully preserving same, a copy of the Internal Affairs Bureau report will be produced upon its completion, pursuant to a stipulated order of confidentiality.

    1b)    To be provided.

    1c)    To be provided.

    1d)    To be provided.

    1e)    To be provided.

    1f)    To be provided.

1

1g) See annexed documents.

1h) See annexed documents.

1i) See annexed documents.

1j) See annexed documents.

1k) Not a document demand

1l) Objection on grounds of New York Civil Rights Law §50-a, relevance and materiality. Notwithstanding the forgoing objections, and while fully preserving same, a copy of the Internal Affairs Bureau report will be produced upon its completion, pursuant to a stipulated order of confidentiality.

1m) Objection on grounds of New York Civil Rights Law §50-a, relevance and materiality. Notwithstanding the forgoing objections, and while fully preserving same, a copy of the Internal Affairs Bureau report will be produced upon its completion, pursuant to a stipulated order of confidentiality.

1n) Objection on grounds of New York Civil Rights Law §50-a, relevance and materiality. Notwithstanding the forgoing objections, and while fully preserving same, a copy of the Internal Affairs Bureau report will be produced upon its completion, pursuant to a stipulated order of confidentiality.

1o) Objection on grounds of New York Civil Rights Law §50-a, relevance and materiality. Notwithstanding the forgoing objections, and while fully preserving same, a copy of

the Internal Affairs Bureau report will be produced upon its completion, pursuant to a stipulated order of confidentiality.

1p) To be provided.

1q) See annexed documents.

1r) Objection on grounds of law enforcement privilege, relevance and materiality.

1s) To be provided.

1t) To be provided.

1u) Objection on grounds of relevance and materiality.

1v) Objection on grounds of relevance and materiality.

2) Not applicable.

3) Objection on grounds of law enforcement privilege, relevance and materiality. The Suffolk County District Attorney is not a party to this action.

4) On information and belief, none exist.

5) Objection on rounds of relevance, materiality and redundancy.

6) On information and belief, none exist.

7) See annexed documents.

8) To be provided.

3

9) Objection on grounds of relevance and materiality.

10) Objection on grounds of law enforcement privilege, relevance and materiality.

11a) To be provided.

11b) To be provided.

11c) Objection on grounds of relevance and materiality.

11d) To be provided.

11e) To be provided.

11f) To be provided.

11g) Objection on grounds of relevance and materiality.

11h) Objection on grounds of relevance and materiality.

11i) Objection on grounds of relevance and materiality.

11j) Objection on grounds of relevance and materiality.

11k) Objection on grounds of relevance and materiality.

11l) Objection on grounds of relevance and materiality.

11m) Objection on grounds of relevance and materiality.

11n)   To be provided.

11o)   To be provided.

11p)   To be provided.

11q)   To be provided.

11r)   Objection on grounds of relevance and materiality.

11s)   Objection on grounds of relevance and materiality.

11t)   To be provided.

11u)   Objection on grounds of relevance and materiality.

11v)   Objection on grounds of relevance and materiality.

11w)   To be provided.

11x)   Objection on grounds of relevance and materiality.

11y)   Demand is incomprehensible.

12)   On information and belief, none exist.

13)   Objection on grounds of New York Civil Rights Law §50-a, relevance, materiality and overbreadth. Notwithstanding the forgoing objections, and while fully preserving same, a copy of defendant Grenia's personnel records will be produced pursuant to stipulated order of confidentiality.

14)   Objection on grounds of New York Civil Rights Law §50-a, relevance, materiality and overbreadth. Notwithstanding the forgoing objections, and while fully preserving same, a copy of defendant Grenia's personnel records will be produced pursuant to stipulated order of confidentiality.

15)   Objection on grounds of New York Civil Rights Law §50-a, relevance, materiality and overbreadth. Notwithstanding the forgoing objections, and while fully preserving same, a copy of defendant Grenia's personnel records will be produced pursuant to stipulated order of confidentiality.

16)   Objection on grounds of New York Civil Rights Law §50-a, relevance and materiality. Notwithstanding the forgoing objections, and while fully preserving same, a copy of the Internal Affairs Bureau report will be produced upon its completion.

17)   Objection on grounds of harassment, invasion of privacy, relevance and materiality. Not a document demand.

18)   Objection on grounds of New York Civil Rights Law §50-a, relevance, materiality and redundancy. Notwithstanding the forgoing objections, and while fully preserving same, a copy of defendant Grenia's personnel records will be produced pursuant to stipulated order of confidentiality.

19)   See annexed documents.

20)   Objection on grounds of relevance and materiality.

21)   On information and belief, none exist.

22)   On information and belief, none exist.

23) Objection on grounds of New York Civil Rights Law §50-a, relevance, materiality and overbreadth.

24) On information and belief, none exist at this time.

25) On information and belief, none exist at this time.

Dated: Hauppauge, New York
March 19, 2014

Yours etc.,
Dennis M. Brown
Suffolk County Attorney
Attorney for Defendants
County of Suffolk, Suffolk County
Police Department and P.O. Grenia
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788

By: _____
Arlene S. Zwilling
Assistant County Attorney

TO: ANTHONY M. GRANDINETTE, ESQ.
Attorney for Plaintiff
114 Old Country Road
Mineola, New York 11501
(516) 877-2889