The Law Office of

# ANTHONY M. GRANDINETTE

114 Old Country Rd. Suite 420 • Mineola, NY 11501

Mirel Fisch
Admitted in New York/New Jersey

Of Counsel:
Paul Casteleiro
New Jersey

Telephone: (516) 877-2889
Facsimile: (516) 294-5348
Email: Grandinettelaw@gmail.com

April 30, 2014

Arlene S. Zwilling
Assistant County Attorney
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788

> **Re:    Franqui v. The County of Suffolk, et al.**
> **13-CV-5943**

Ms. Zwilling,

This letter is a follow-up to my April 28, 2014 email and to your telephone response April 29, 2014, which address Plaintiff's First Request for the Production of Documents and Things ("Request"), served upon you on January 29, 2014, over three months ago. I received your response, dated March 19, 2014, however it is not sufficiently responsive to the Request. While I did receive numerous documents not requested, most of the documents requested were not produced.

Before I address the specific documents which have not been produced, I would like to address several recurring responses within your Response to Plaintiff's First Request for the Production of Documents and Things ("Response").

## Documents contained within the Internal Affairs Bureau Report

Numerous responses indicate that the documents demanded will be produced upon the completion of the Internal Affairs Bureau report ("Report"). As you well know, non-privileged documents cannot be made privileged, merely because they are forwarded to the internal affairs bureau for review. Plaintiff is not required to await the completion of the IAB report prior to obtaining the requested documents. Pursuant to Magistrate Judge Wall's Scheduling Order, DE 6, Plaintiff's deadline to join new parties or amend the pleadings is July 28, 2014. Therefore, I am requesting the immediate disclosure of every document created by the police in this case related to the arrest, and post arrest events, including the investigation by members of the Suffolk Homicide Bureau and District Attorney's Office following Jack's death, and all communications involving the New York State Department of Corrections. This discovery should include all written as well as electronic forms of documents and communications, subject, of course, to any *good faith* claims of privilege.

1

**Objections on the Grounds of Relevance and Materiality**

Numerous responses object to the production of documents on the grounds of relevance and materiality. However, pursuant to the liberal discovery provisions provided for within Federal Rule of Evidence 26(b)(1),

> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . .

Therefore, absent a court order limiting discovery, Plaintiff is entitled to all documents requested that relate to the events in this case as alleged in the Complaint.

The following correspond to the documents requested and to your response thereto:

1. The response to this request indicates,generally,that the requested documents will be provided with the Report.

   a. Not provided as indicated in response.

   b. Not provided as indicated in response.

   c. Not provided as indicated in response.

   d. Not provided as indicated in response.

   e. Not providedas indicated in response.

   f. Not provided as indicated in response.

   g. After sifting through the various documents provided, much of which relate to incidents in 2011 and January 9, 2013, the only documents requested that are responsive to the demands relating to events on January 23, 2013 are:

      i. Documents related to the seizure and arrest of Jack Franqui on January 23, 2013:

         1. 2-page Individual Arrest Report

2

2.  1-page Arrest Report – PDCS-1045c

3.  3-page incident summary regarding the arrest in front of 6
    Cordwood Path, Shoreham, only.

4.  2-page resistance report by Lt. Crawford, regarding the use of
    force and the arrest in front of 6 Cordwood path, Shoreham, only.

5.  1-page Incident Report by Karen Grenia - PDCS-1099

6.  3 individual 2-page Duty Charts – PDCS-2004f for squads 2, 3,
    and 4.

ii.  5 pages regarding Jack Franqui's car, including an invoice, a property
     receipt, etc.

iii.  Homicide file:

1.  1-page Homicide case jacket

2.  1-page homicide field report indicating Homicide handling the
    investigation

3.  3-page "Confidential Report"

Absolutely no documents requested which relate to the events that occurred
within the 7th precinct, particularly within the holding cell area, where produced.
Additionally, no notes, memo book entries, or other documents relating to actions
taken by members of the SCPD were produced.

h.  Not provided. See above reply to Response 1(g). The arrest paperwork was
    provided. However, no reports, notes, prisoner log books, or any documents
    relating to the booking and processing of Jack Franqui on January 23, 2013 were
    produced.

i.  Provided.

j.  Not provided. Despite indication that documents were annexed, absolutely no
    documents whatsoever relating to the events which occurred inside the Seventh
    Precinct in relation to this case were produced.

k.  Not a document request.

l.  Not provided as indicated in response.
m.  Not provided as indicated in response.

3

      n.  Not provided as indicated in response.

      o.  Not provided as indicated in response.

      p.  Not provided as indicated in response.

      q.  Not provided. See above reply to Response 1(g).

      r.  Not provided as indicated in response. Documents relating to communications between SCPD officers or detectives, the Suffolk County District Attorney's Office, and the New York State Department of Corrections, as they relate to this case, are clearly relevant and discoverable pursuant to the liberal rules governing discovery.

      s.  Not provided as indicated in response.

      t.  Not provided as indicated in response.

      u.  Not provided as indicated in response. Photographs of all SCPD employees who came into contact with Jack Franqui IV or Simon Earl are clearly relevant as they will aid witnesses in identifying the individual officers.

      v.  Not provided as indicated in response. Photographs of all SCPD employees who came into contact with Jack Franqui IV or John Burke at the Seventh Precinct are clearly relevant as they will aid witnesses in identifying the individual officers.

      w.  No response.

2.   --

3.   Documents within custody of DA's office. The Suffolk County District Attorney's Office conducted an investigation into Mr. Franqui's death, and our demand requests those records. The Suffolk District Attorney's Office is routinely represented by your office concerning Civil rights litigation. If you would like me to contact them directly, I will, however, this is contrary to my experience when dealing with your office.

4.   The response indicates that none exist. However the arrest paperwork refers to alleged statements and admissions made by Jack Franqui.

5.   Not provided as indicated in response.Documents reflecting which officers were assigned to, and present at, the SCPD Seventh Precinct on January 23, 2013 are clearly discoverable given that it will assist Plaintiff in determining which officers performed actions or omissions related to this case.

6.   --

7. One blueprint titled The Seventh Police Precinct was produced, which encompasses the entire Precinct and is difficult to read. The Request seeks the production of a blueprint or architectural rendition exhibiting the physical layout of the SCPD holding cell area specifically, and the document provided does refer to such other documents.

8. Not provided as indicated in response.

9. Not provided as indicated in response. Document reflecting the temperatures within the holding cell on January 23, 2013 bear directly on several of allegations within the Complaint.

10. Not provided as indicated in response. Documents produced by the Medical Examiner's Office related to its autopsy and investigation of Jack Franqui are clearly relevant and not privileged. Indeed, the Autopsy Report was listed as item #3 in the Defendant's Initial Disclosure pursuant to Rule 26(a)(1)(A) which is dated March 19, 2014.

11. Various portions of the Suffolk County Police Department Rules and Procedures were provided. However, no documents related to filing and reporting requirements responsive to these demands were provided.

    a. Provided.

    b. Not provided.

    c. Not provided as indicated in response.

    d. Provided.

    e. Provided.

    f. Not provided.

    g. Not provided as indicated in response.

    h. Not provided as indicated in response.

    i. Not provided as indicated in response.

    j. Not provided as indicated in response.

    k. Not provided as indicated in response.

    l. Not provided as indicated in response.
    m. Not provided as indicated in response.

5

n. Provided.

o. Not provided.

p. Provided in part.

q. Provided.

r. Not provided as indicated in response.

s. Not provided as indicated in response.

t. Not provided.

u. Not provided as indicated in response.

v. Not provided as indicated in response.

w. Not provided.

x. Not provided as indicated in response.

y. Not provided. This demand clearly indicates that it seeks the production of all documents reflecting SCPD policies, practices, customs, procedures, rules, regulations, and laws which relate to the duty of the SCPDto adequately screen and train SCPD officers, and to discipline them when required.

12. --

13. Not provided as indicated in response.

14. Not provided as indicated in response.

15. Not provided as indicated in response. Additionally, while the response indicates that Grenia's personnel records will be produced pursuant to a stipulated order of confidentiality, this request does not ask for documents related to Grenia's personnel records. Rather, it asks for specified documents related to the timeframe in which Grenia was employed by the SCPD.

16. Not provided as indicated in response. Plaintiff is not required to await the completion of the Report before he can obtain these documents.

17. Not provided as indicated in response. This request asks for the cell phone records of Grenia for one specific date, January 24, 2013, which bear directly on allegations alleged in the Complaint. The limited scope of this request does not constitute harassment or invasion of privacy.

6

18.  Not provided as indicated in response.

19.  Not provided. Despite indication that documents were annexed, other than the arrest and incident reports already referenced, no documents were provided relating to police presence or activity on or about Cordwood Path, Shoreham, from January 23, 2013 to the present, as requested.

20.  Not provided as indicated in response. The requested documents bear directly on allegations alleged in the Complaint.

21.  --

22.  --

23.  Not provided as indicated in response. The requested documents bear directly on allegations alleged in the Complaint.

24.  --

25.  --

        Accordingly, please immediately produce the requested documents so that we can avoid unnecessary motion practice.

                                                                Sincerely,

                                                                MirelFisch, Esq.
                                                                The Law Office of Anthony M. Grandinette
                                                                Attorneys for Plaintiffs
                                                                114 Old Country Road, Suite 420
                                                                Mineola, New York 11501
                                                                (516) 877-2889

7