UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
JOAQUIN FRANQUI III, Administrator of the ESTATE
OF JACK FRANQUI IV,

                                        Plaintiff,

            -against-

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, POLICE OFFICER KAREN
GRENIA, AND POLICE OFFICERS JOHN AND JANE
DOES 1-10,

                                 Defendants.
--------------------------------------------------------------------------X
SIMON EARL, NICHOLAS EARL, AND ANNE EARL,

                                    Plaintiffs,

            -against-

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, POLICE OFFICER KAREN
GRENIA, POLICE OFFICERS JOHN AND JANE
DOES 1-10,

                                 Defendants.
--------------------------------------------------------------------------X

CV-13-5943
(JS)(WDW)

INTERROGATORIES
DIRECTED TO SUFFOLK
COUNTY POLICE
DEPARTMENT

       Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs SIMON, NICHOLAS, and
ANNE EARL demand that Defendant SUFFOLK COUNTY POLICE DEPARTMENT answer
under oath the following interrogatories within thirty (30) days of the date of service.

**Instructions**

A. Unless otherwise indicated, these interrogatories refer to the time, places, and
circumstances of occurrences mentioned or complained of in the pleadings.

B. Separately state the answer to each interrogatory and any part thereof. Attach any
document or documents that you rely on or have consulted in any way in answering any
of the interrogatories, even if any such document is not specifically requested.

C. When you are asked to describe something, you must provide a comprehensive, full,
frank, fair, complete, accurate, and detailed description of the matter inquired of.

D. When you are requested to state the basis for an assertion, allegation, or denial, you must identify every document, oral communication, act, omission, or any part thereof which forms any part of the source of information regarding the assertion, allegation, or denial, and describe all facts known to or believed by you which forms any part of the source of information regarding the assertion, allegation, or denial.

E. If the answer to any interrogatory is based upon information and belief, specify and identify the source of the information and the grounds of the belief.

F. In answering these interrogatories, furnish all information that is available, including information in the possession of your attorneys, agents, representatives, or persons employed by you or your attorneys, and not merely such information known of your own knowledge.

G. To the extent that you consider  any of the following interrogatories objectionable, answer so much of each interrogatory and each part thereof as is not objectionable in your view, and separately state that part of each interrogator as to which you raise objection and each ground for each objection.

H. If you refer to any person in an answer, state that person's name, address, telephone number, occupation, and job title, if known.

I. These interrogatories are continuing in nature, and, to the extent that you acquire information responsive to these interrogatories subsequent to filing your answers hereto, set forth all such information promptly in supplemental answers under oath within ten (10) days after acquiring such information.

J. If any of these interrogatories or portions thereof cannot be answered fully, such interrogatory should be answered to the extent possible, with the reasons for not answering more fully also being stated.


**Interrogatories**

1. List the name, address, and telephone number(s) of any individual who placed a 911 call on January 23, 2013 which relate to the events in this case, and state the exact time any such call(s) was placed and any complaint numbers generated in response to the 911 call(s).

2. With respect to each of the individuals listed on Defendants' FRCP 26(a)(1)(A) disclosure, state:

   a. Whether the individual was present at Cordwood Path, Shoreham on January 23, 2013, and if the answer is yes, state the purpose for the individual's response to Cordwood Path, Shoreham, and state the time the individual responded to Cordwood Path, Shoreham.

      b.   Describe in detail all actions taken and the observations made by the individual(s) at Cordwood Path, Shoreham on January 23, 2013, and list each policy, practice, custom, procedure, rule, regulation, and/or law, whether written or oral, and any modifications thereto, pursuant to which these actions and/or observations were undertaken.

      c.   Describe with whom such individual(s) communicated with at Cordwood Path, Shoreham, on January 23, 2013, the method(s) of such communication(s), and the sum and substance of all such communications.

      d.   State the time in which the individual(s) left Cordwood Path, Shoreham on January 23, 2013, identify the vehicle in which the individual(s) left Cordwood Path, Shoreham, and the names of any other individuals present in such vehicle.

3.   Other than the individuals listed in Interrogatory 2, list all other Suffolk County Police Department personnel present at Cordwood Path, Shoreham on January 23, 2013, and for each such individual, state the time the individual responded to Cordwood Path, Shoreham, the purpose for the individual's response to Cordwood Path, Shoreham, describe in detail all actions taken and the observations made by the individual(s) at Cordwood Path, Shoreham on January 23, 2013, and list each policy, practice, custom, procedure, rule, regulation, and/or law, whether written or oral, and any modifications thereto, pursuant to which the actions referred to in Interrogatory 3(h) were undertaken.

4.   To the extent not provided for in your response to Interrogatories 2 and 3, List every Suffolk County Police Department employee who entered the residence at 6 Cordwood Path, Shoreham, on January 23, 2013, identify the specific areas of the residence they entered and searched, and list each policy, practice, custom, procedure, rule, regulation, and/or law, whether written or oral, and any modifications thereto, pursuant to which these actions were undertaken.

5.   State which individual(s) interacted with Simon Earl on Cordwood Path, Shoreham, on January 23, 2013, specifically, state which individual(s) questioned Simon Earl, which individual(s) searched his person, which individual(s) handcuffed him, which patrol car he was placed in, and how long he remained in that patrol car prior to his release.

6.   State where Lt. Alexander Crawford was traveling to and from on January 23, 2013 when he observed police activity in front of 6 Cordwood Path, Shoreham, NY.       .

7.   Describe in detail all actions taken by Lt. Alexander Crawford on Cordwood Path, Shoreham, on January 23, 2013 and identify each policy, practice, custom, procedure, rule, regulation, and/or law, whether written or oral, and any modifications thereto, pursuant to which these actions were undertaken.

8.   State which Suffolk County Police Department personnel came into physical contact with Jack Franqui on Cordwood Path, Shoreham, on January 23, 2013, and describe in detail all such physical contacts.

9. Describe in detail the acts of Jack Franqui which constituted "resisting arrest" and the acts by Lt. Crawford to restrain him, including how long it took to physical subdue Jack Franqui.

10. State how long Jack Franqui remained at Cordwood Path, Shoreham, prior to being transported to the Suffolk County Police Department's Seventh Precinct, identify the vehicle in which he was transported to the Seventh Precinct, state the time that vehicle left Cordwood Path, Shoreham, and the time that vehicle arrived at the Seventh Precinct.

11. State whether the Seventh Precinct has a log book or other document in which the name, date, and time of arriving arrestees/detainees is recorded. If so, produce the applicable page(s).

12. Identify every Suffolk County Police Department form (including all documents, e-mails, electronic records etc.) completed in the processing and monitoring of Jack Franqui prior to his death, after his death. These documents should include all communications with the New York State Department of Corrections.

13. Identify every Suffolk County Police Department form (including all documents, e-mails, electronic records etc.) completed relating to Simon Earl.

14. State which officers were present at the traffic stop of Simon Earl on April 9, 2013.

15. State the dates and times of each and every instance in which Suffolk County Police Department personnel responded to Cordwood Path or the areas in its immediate vicinity from January 24, 2013 till the present date, and describe in detail the purpose for each response.

Dated: Mineola, New York
         May 9, 2014

                                        Sincerely,

                                        _____
                                        Mirel Fisch, Esq.
                                        The Law Office of Anthony M. Grandinette
                                        Attorneys for Plaintiffs
                                        114 Old Country Road, Suite 420
                                        Mineola, New York 11501
                                        (516) 877-2889

4