UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
JOAQUIN FRANQUI III, Administrator of the Estate
of JACK FRANQUI IV,

                                                Plaintiff,

          -against-

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, POLICE OFFICER
KAREN GRENIA, POLICE OFFICERS JOHN AND
JANE DOES 1-10,

                                                Defendants.

**RESPONSES TO INTERROGATORIES DIRECTED TO SUFFOLK COUNTY POLICE DEPARTMENT**

SIMON EARL, NICHOLAS EARL, AND ANNE
EARL,

                                              Plaintiffs,

          -against-

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, POLICE OFFICER
KAREN GRENIA, POLICE OFFICERS JOHN AND
JANE DOES 1-10,

                                              Defendants.
------------------------------------------------------------------x

CV13-5943(JS)(WDW)

       Defendant, Suffolk County Police Department hereby responds to the interrogatories of plaintiffs Simon Earl, Nicholas Earl, and Anne Earl dated May 9, 2014.

## GENERAL OBJECTIONS

       These responses are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, immateriality, propriety and admissibility and any and all other objections and grounds which would require the exclusion of any statement herein if the interrogatories were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be

interposed at the time of trial. Defendant reserves the right to make any changes in these answers if it appears that omissions or errors have been made herein, or that further or more accurate information is available.

Defendant has not completed its investigation of the facts relating to this action and has not completed its preparation for trial. The following answers are based on information presently available and are made without prejudice to defendant's right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that defendant has answered any interrogatory should not be taken as an admission that defendant accepts or admits the existence of any facts set forth or assumed by such interrogatory or that such answer constitutes admissible evidence. The fact that defendant has answered any or all of any interrogatory is not intended and shall not be construed to be a waiver by defendant of all or part of any objection to any interrogatory.

1) Pursuant to Fed. R. Civ. P. Rule 33(d), response is made by reference to recording of 911 call previously produced to plaintiffs' counsel.

2a) Objection on grounds of redundancy and burdensomeness. Pursuant to Fed. R. Civ. P. Rule 33(d), response is made by reference to documents concerning the incident at Cordwood Path previously produced to plaintiffs' counsel.

2b) Objection on grounds of redundancy, burdensomeness and irrelevance. Pursuant to Fed. R. Civ. P. Rule 33(d), response is made by reference to Suffolk County Police Department Rules & Procedures and other directives previously produced to plaintiffs' counsel. Additionally, the individuals involved acted pursuant to the New York Criminal Procedure Law and New York Penal Law.

2c) Objection on grounds of redundancy and burdensomeness. Pursuant to Fed. R. Civ. P. Rule 33(d), response is made by reference to recordings of communications previously produced to plaintiffs' counsel.

2d) Objection on grounds of redundancy and burdensomeness. Pursuant to Fed. R. Civ. P. Rule 33(d), response is made by reference to recordings of communications and documents previously produced to plaintiffs' counsel.

3) All such persons presently known to defendant have been previously identified. Defendant reserves the right to supplement this response upon conclusion of the Suffolk County Police Department Internal Affairs Bureau investigation. There is no interrogatory 3h.

4) All such persons presently known to defendant have been previously identified. Defendant reserves the right to supplement this response upon conclusion of the Suffolk County Police Department Internal Affairs Bureau investigation.

5) All such persons presently known to defendant have been previously identified. Defendant reserves the right to supplement this response upon conclusion of the Suffolk County Police Department Internal Affairs Bureau investigation.

6) Unknown. Defendant reserves the right to supplement this response upon conclusion of the Suffolk County Police Department Internal Affairs Bureau investigation.

7) Objection on grounds of redundancy and burdensomeness. Pursuant to Fed. R. Civ. P. Rule 33(d), response is made by reference to documents concerning the incident at Cordwood Path previously produced to plaintiffs' counsel. Lt. Crawford acted pursuant to the New York Criminal Procedure law and New York Penal Law.

Defendant reserves the right to supplement this response upon conclusion of the Suffolk County Police Department Internal Affairs Bureau investigation.

8)   Objection on grounds of redundancy and burdensomeness. Pursuant to Fed. R. Civ. P. Rule 33(d), response is made by reference to documents concerning the incident at Cordwood Path previously produced to plaintiffs' counsel. Defendant reserves the right to supplement this response upon conclusion of the Suffolk County Police Department Internal Affairs Bureau investigation.

9)   Objection on grounds of redundancy and burdensomeness. Pursuant to Fed. R. Civ. P. Rule 33(d), response is made by reference to documents concerning the incident at Cordwood Path previously produced to plaintiffs' counsel. Defendant reserves the right to supplement this response upon conclusion of the Suffolk County Police Department Internal Affairs Bureau investigation.

10)  Objection on grounds of redundancy and burdensomeness. Pursuant to Fed. R. Civ. P. Rule 33(d), response is made by reference to documents and recordings concerning the incident at Cordwood Path previously produced to plaintiffs' counsel. Defendant reserves the right to supplement this response upon conclusion of the Suffolk County Police Department Internal Affairs Bureau investigation.

11)  Objection on grounds of irrelevance and New York Criminal Procedure Law §160.50.

12)  If there are any such documents that have not already been produced to plaintiffs' counsel, copies will be provided at the conclusion of the relevant investigations.

13)  On information and belief, none other than previously produced.

14)  Objection on grounds of redundancy and burdensomeness. Pursuant to Fed. R. Civ. P. Rule 33(d), response is made by reference to copy of appearance ticket previously produced. Furthermore, plaintiff was given a copy of said appearance ticket at time of its issuance.

15) Objection on grounds of irrelevance, overbreadth and law enforcement privilege.

Dated: Hauppauge, New York
June 11, 2014

> Yours etc.,
> Dennis M. Brown
> Suffolk County Attorney
> Attorney for Defendants County of Suffolk, Suffolk County Police Department and Grenia
> H. Lee Dennison Building
> 100 Veterans Memorial Highway
> Hauppauge, New York 11788
>
> By: _____
> Arlene S. Zwilling
> Assistant County Attorney

TO: ANTHONY M. GRANDINETTE, ESQ.
Attorney for Plaintiff
114 Old Country Road
Mineola, New York 11501
(516) 877-2889

# VERIFICATION

STATE OF NEW YORK )
COUNTY OF SUFFOLK )ss

The undersigned, an attorney admitted to practice in the Courts of New York State, shows:

1. Deponent is an Assistant Suffolk County Attorney, and attorney for Suffolk County defendant.

2. Deponent has read the foregoing Responses to Interrogatories Directed to defendant Suffolk County Police Department and knows the contents thereof, and the same is true to deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief and as to those matters deponent believes it to be true.

3. This verification is made as to the COUNTY OF SUFFOLK because said County is a Municipal Corporation and deponent is an Officer thereof: County Attorney. This verification is made as to any other defendant(s) as his/their attorney.

4. The grounds of deponent's belief as to all matters not stated upon deponent's own knowledge are: (a) public records, (b) work product, (c) correspondence and interviews with defendant(s), their deputies, agents and employees, (e) or that they are matters of law; if this verification is made for a non-corporate party the material allegations are within deponent's personal knowledge based on the foregoing.

5. The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Hauppauge, New York
June 11, 2014

By: _____
Arlene S. Zwilling
Suffolk County Attorney

Docket No. CV13-5943

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOAQUIN FRANQUI, III as Administrator of the Estate of JACK FRANQUI, IV,

                              Plaintiff,
-against-

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, POLICE OFFICER KAREN GRENIA, POLICE OFFICERS JOHN AND JANE DOES 1-10,

                              Defendants.
==================================================
SIMON EARL, NICHOLAS EARL, AND ANNE EARL

                              Plaintiffs
-against-

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, POLICE OFFICER KAREN GRENIA, POLICE OFFICERS JOHN AND JANE DOES 1-10

                              Defendants

**RESPONSE TO INTERROGATORIES DIRECTED TO SUFFOLK COUNTY POLICE DEPARTMENT**

DENNIS M. BROWN
Suffolk County Attorney
By: Arlene S. Zwilling
Assistant County Attorney
Attorney for Defendants
The County of Suffolk,
Suffolk County Police Department
and P.O. Karen Grenia
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788-0099
(631) 853-4049