

**Mirel Fisch <mirel.grandinettelaw@gmail.com>**

---

## Franqui v. county of Suffolk

**Mirel Fisch** <mirel.grandinettelaw@gmail.com>                 Fri, Jun 13, 2014 at 1:08 PM
To: "Zwilling, Arlene" <Arlene.Zwilling@suffolkcountyny.gov>

Good afternoon Arlene,

We cannot agree to the stipulation without these changes. We will have to bring this matter up with Judge Wall.

We received your interrogatory responses. However they are wholly insufficient.

Although you repeatedly object on the grounds of redundancy and burdensomeness, interrogatories are not objectionable and burdensome simply on the grounds that they may cause the answering party to expend time, research, and expense. Additionally, other than interrogatory 15, the interrogatories seek facts relating to two days only - January 23, 2013, and April 9, 2013.

Although you repeatedly answer an interrogatory by referring to the documents that were disclosed to us, generally, FRCP 33(d), the basis of your response, requires that you "speciy[ ] the records that must be viewed, in sufficient detail to enable the interrogating party to locate and identify them." Additionally, the interrogatories seek answers that are outside the scope of the information contained in the documents produced. Furthermore, we have still not received many documents previously requested in our First Demand, a request that was renewed in our Second Demand.


With regard to specific responses:

Your response to interrogatory 1 states that you previously produced the 911 call, which as you know, is false.

We had several conversations regarding the production of this 911 call. Initially you had specifically informed us that you cannot produce it but that you will inquire into this matter. Additionally, you had several conversations with Mr. Grandinette - both via email and via phone - as late as yesterday, discussing the fact that the production of the 911 call is still an open issue.

Your response to interrogatory 2(a) makes general reference to the documents concerning the incident at Cordwood Path previously provided. None of these documents answer the questions posed in this interrogatory, namely the purpose of the individuals' response, the time they responded.

Your response to interrogatory 2(ba) and 7 makes general reference to rules and procedures previously provided, despite the fact that the interrogatory requested that you provide a list of the specific rules, policies, procedures, etc., that the officers acted pursuant to. You had provided us with approximately 54 documents regarding SCPD rules and procedures. Your response does not indicate which of these numerous documents you rely upon. Additionally, as we had informed you in a letter dated _____, most of the rules and procedures requested were <u>not</u> produced, although we did receive numerous irrelevant documents that were not requested; documents related to boating while intoxicated, domestic violence, terrorism, non-citizen arrestees, and more.

While some documents produced are responsive to interrogatory 2(c) in that they briefly refer to some communications between PO Grenia and Lt. Crawford, they are not inclusive of all those communications made, and they do not refer to communications made by the other officers present at Cordwood Path.

No documents produced are responsive to interrogatory 2(d).

Your response to interrogatory 3 states that you previously identified all other individuals present at Cordwood Path on January 23. This is inaccurate. Your Rule 26(a)(1) merely listed several names, without any identifying who they are, or what their involvement in this case is.

Your response to interrogatory 4 states that you previously identified which officers entered 6 Cordwood Path on January 23. This is inaccurate. You have never identified who those individuals were, your rule 26 (1)(a) disclosure does not identify these individuals, and absolutely no documents produced refer to any officers entering the address listed.

Your response to interrogatory 5 states that you previously identified which officers interacted with Simon Earl on January 23. This is inaccurate. Other than one document referencing that Simon Earl was directed to exit the vehicle, and a communication bureau recording where officer Grenia is heard stating that she has him controlled, nothing responsive to this request was produced or disclosed.

Your response to interrogatory 6 states "Unknown" to the simple question asking where Lt. Crawford was traveling to and from when he observed activity in front of 6 Cordwood Path. However, given that Lt. Crawford is an employee of your clients, named defendants County of Suffolk and Suffolk County Police Department, you have a duty to ask him that simple question and provide us with a response.

Although some information pertaining to interrogatories 8 and 9 were included in documents previously produced, you have not identified which documents contain the relevant information. Additionally, the documents produced does not fully respond to the interrogatories. No document produced describes how long it took Lt. Crawford to 'subdue' Jack Franqui.

No documents produced are response to interrogatory 10.

Your response to interrogatory 11, asking whether the Seventh Precinct has a log book or other document recording when arrestees/detainees are brought in, on the grounds of relevance, is clearly improper, as this information clearly falls within the scope of discovery.

Your response to interrogatory 14 states that you previously identified which officers were present at the traffic stop of Simon Earl on April 9. This is inaccurate, and the traffic tickets issued to Simon Earl does not provide this information. The tickets list only Officer Grenia, the officer who wrote the tickets. However, there were at least 3 or 4 other police officers present at that traffic stop, and their identities were never provided. Objecting to simply providing the names of 3-4 individuals on the grounds of redundancy and burdensomeness, is improper and not made in good faith.

Please provide us with a sufficient response to the previous interrogatories. We have also not yet received a response to the interrogatories directed to defendant PO Grenia.

Thank you,


Mirel Fisch, Esq.
Law Office of Anthony M. Grandinette
114 Old Country Road, Suite 420
Mineola, New York 11501
Tel. (516) 877-2889
Fax. (516) 294-5348


[Quoted text hidden]