UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
JOAQUIN FRANQUI III, Administrator of the Estate
of JACK FRANQUI IV,

                               Plaintiff,

      -against-

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY       **STIPULATION OF**
POLICE DEPARTMENT, POLICE OFFICER              **CONFIDENTIALITY**
KAREN GRENIA, POLICE OFFICERS JOHN AND
JANE DOES 1-10,                                             **CV13-5943(JS)(SIL)**

                               Defendants.

SIMON EARL, NICHOLAS EARL, AND ANNE
EARL,

                               Plaintiffs,

      -against-

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, POLICE OFFICER
KAREN GRENIA, POLICE OFFICERS JOHN AND
JANE DOES 1-10,

                               Defendants.
----------------------------------------------------------------------x

      1.      This stipulation applies to all parties and their attorneys with respect to the production of documents that contain confidential information.

      2.      It is, accordingly, hereby agreed and stipulated that:

      (a) Counsel is defined to mean Anthony M. Grandinette, Esq. and Mirel Fisch, Esq., attorneys for the plaintiff, and all employees and agents and any person in the employ of The Law Office of Anthony M. Grandinette necessary to assist in this litigation, including consultants and experts.

(b) Confidential document is defined to mean Suffolk County Police Department Internal Affairs Bureau investigation files, police officer personnel files and/or any document subsequently identified as such by the defendants as being confidential unless the Court determines that the documents or any portion of the documents are not entitled to confidentiality.

(c) The defendants will produce for inspection and use one copy of each confidential document to counsel. Counsel is prohibited from making their own copy of any confidential document or portions thereof given to counsel pursuant to this stipulation, except for; (1) use as an exhibit to a paper filed in this litigation under paragraph (h); (2) for internal working copies to be utilized by counsel; and (3) for use at depositions or trial.

(d) The parties do not intend to make otherwise unprivileged documents privileged or confidential merely by their existence or incorporation within a confidential document or file, and as such, will not be protected by this stipulation.

(e) Counsel will use the confidential documents and information contained therein solely for the purposes of this litigation, including depositions and trial, and shall not, without the prior written consent of the defendants' counsel, make the confidential documents or the information contained therein available to any other person.

(f) Within 60 days after the production to counsel of the confidential documents, counsel shall return to defendants' counsel any documents that they believe they do not need for use in this litigation.

(g) Within 30 days after the entry of a final judgment in this litigation (including appeals or petitions for review), counsel shall (i) return or destroy all confidential documents produced pursuant to this stipulation; (ii) destroy all notes, summaries, digests, and synopses of the confidential documents. Notice of such destruction shall be given the counsel producing the document immediately thereafter.

(h) In the event that a party wishes to use a confidential document or any confidential information therein in any paper filed in this litigation, such paper (or part thereof containing the

confidential document or confidential information) shall be filed under seal and maintained under seal by the Court.

    (i)    Persons to whom confidential documents are made available under this stipulation are bound by the restrictions contained herein.

    (j)    Nothing herein shall be deemed to permit the provision of confidential documents, or the disclosure of the contents of confidential documents, to any member of the press, media, print, broadcast, cable, satellite or internet; or to any person or entity purporting to be working in the public interest. It is understood that any such provision or disclosure is a violation of this Order, the First Amendment rights of the recipients, notwithstanding.

    (k)    It is further understood that this Stipulation be "so ordered" without further notice and may then be enforced as a court order, even after the entry of final judgment in this action. If this Stipulation is "so ordered," a copy will be furnished to counsel upon issuance of said order.

Dated: Hauppauge, New York
       January 9, 2015

_____
Law Office of Anthony M. Grandinette
Attorney for plaintiff
114 Old County Road, Suite 420
Mineola, New York 11501
(516) 877-2889
By: Mirel Fisch

_____
Dennis M. Brown
Suffolk County Attorney
Attorney for Defendants
100 Veterans Memorial Highway
Hauppauge, New York 11788 0099
(631) 853 4049
By: Arlene S. Zwilling
Assistant County Attorney

**SO ORDERED:**
**Dated: Central Islip, New York**
     **June _____, 2014**

_____
**Hon. William D. Wall, U.S.M.J.**

3