# The Law Office of
# Anthony M. Grandinette

114 Old Country Rd. Suite 420 • Mineola, NY 11501

**Mirel Fisch**
Admitted in New York/New Jersey

Of Counsel:
**Paul Casteleiro**
New Jersey

Telephone: (516) 877-2889
Facsimile: (516) 294-5348
Email: Grandinettelaw@gmail.com

March 25, 2015

Magistrate Judge Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:     Franqui, et al. v. County of Suffolk, et al.,
        CV-13-5943 (JS)(SIL)

Dear Magistrate Judge Locke,

     This office represents the Plaintiffs in the above-referenced matter. I am writing to request a clarification as to two items on Your Honor's March 17, 2015 Order, DE 45—items 2 and 3 of Plaintiffs' motion to compel documents responsive to their Fifth Demand, DE 36. Pursuant to Your Honor's individual rules and the local rules of this Court, I have conferred with Ms. Zwilling, counsel for Defendants, prior to submitting this request. I emailed Ms. Zwilling a copy of my proposed request on March 24, 2015, and conferred with her by telephone earlier today, however she stated that while she understands the nature of the request, she cannot consent. Ms. Zwilling stated that she cannot discuss the nature of her objection with me, as it is a privileged matter between herself and her clients.

     Item 2 in Plaintiffs' Fifth Demand requested that Defendants "Produce copies of all records, reports, notes, and other documents reflecting the name(s) of the individual(s) interviewed by PO Simeone on January 23, 2013, and the date and times of those interviews . . ." I believe that Your Honor granted this request at the parties' in-person conference before Your Honor on March 17, 2015.

     Item 3 in Plaintiffs' Fifth Demand requested that Defendants "Produce copies of all photos and documents which Sgt. Kevin O'Reilly and/or PO Joseph Simeone marked during their Internal Affairs Bureau interviews on July 21, 2014." At the parties' conference before Your Honor on March 17, 2015, Defendants consented to producing these documents, to the extent they are in the possession of the Suffolk County Police Department, and not in the personal possession of Sgt. Kevin O'Reilly and PO Joseph Simeone, whom the Suffolk County Attorney's Office does not represent. I believe that Your Honor granted this request.

     With respect to Plaintiffs' motion to compel documents responsive to Plaintiffs' Fifth Demand, DE 36, Your Honor ordered that

> Plaintiffs' motion to compel DE [36] with respect to Plaintiff's Fifth Set of Document Demands is granted in part as follows: with respect to request 1, the motion is granted. Defendants will

1

> produce records of entries into the cellblock and Mr. Franqui's cell for January 23, 2013 for the period from 2:00 pm to 8:00 pm. To extent such records to do not exist Defendants will advise Plaintiffs accordingly. This information will be produced on or before April 27, 2015. **With respect to request 2, Defendants will produce responsive documents in their possession, custody or control on or before April 27, 2015. To the extent Defendants have no responsive documents, they will expressly so indicate. For the sake of clarity, Defense counsel does not represent PO Simeone or Sgt. Kevin O'Reilly, and so does not know what documents these individuals may possess independent of the Suffolk County Police Department.** With respect to request 8, bates stamped copies of responsive documents will be produced on or before April 27, 2015. With respect to request 9, responsive documents will be produced on or before April 27, 2015. **This motion is denied in all other respects.**

DE 45 at 3 (emphasis added). DE 45 did not expressly reference Demand 5 request 3. However, Your Honor's Order with respect to Demand 5 request 2 clarified that the Suffolk County Attorney's office does not represent PO Simeone, who is implicated in Demand 5 request 2, and Sgt. O'Reilly, who is implicated in Demand 5 request 3.

Based upon the representations made at the March 17, 2015, conference, and based upon the language in DE 45 clarifying that the Suffolk County Attorney's office does not represent Sgt. O'Reilly and PO Simeone, Plaintiffs are seeking a clarification as to whether Your Honor's Order with respect to Demand 5 request 2 also applies to Demand 5 request 3, or whether Your Honor subsequently denied Plaintiffs' Demand 5 request 3.

Respectfully,

Mirel Fisch

CC: Counsel for Defendants via ECF

2