---------------------------------------------------------------X
In the matter of the ESTATE OF JACK FRANQUI IV

-against-   NOTICE OF CLAIM

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE
DEPARTMENT, POLICE OFFICERS JOHN AND JANE
DOES 1-10,
---------------------------------------------------------------X

SIRS:

PLEASE TAKE NOTICE, that claimant, Joaquin Franqui, on behalf of his deceased son JACK FRANQUI IV hereby files claim against the above captioned Defendants, for the following claims: assault and battery, harassment, false arrest, false imprisonment, malicious prosecution, conspiracy, failure to provide medical care, failure to properly supervise, failure to properly maintain and supervise a holding cell pursuant to state law, fabrication of evidence and records, denial of claimants right to due process of law, right to counsel, libel, slander, intentional and negligent infliction of emotional duress, excessive force, cruel and inhuman treatment, and other claims not yet known.

The aforesaid occurrence took place on or about January 23, 2013 at approximately 11:00 am in front of 6 Cordwood Path, Shoreham, County of Suffolk, State of New York and thereafter at the 7th precinct station house. That Suffolk County Police Officer, Jane Doe, shield number 5736 and id #917351 and others yet unknown did harassed, threatened, menaced, through the threatened use of deadly physical force, namely a loaded firearm, illegally stopped and searched JACK FRANQUI IV and SIMON EARL, both their person and property without lawful authority, and engage in such other violations of FRANQUI AND EARL'S civil rights. That said officers engaged in the

excessive use of non-deadly physical force against JACK FRANQUI IV striking, restraining and assaulting him. The Suffolk Officers engaged in this behavior individually and under color of state law while allegedly attempting to effectuate an arrest of JACK FRANQUI IV. Thereafter FRANQUI was transported to the 7th precinct where he was processed and placed in a holding cell. FRANQUI'S repeated requests for medical care were ignored. Mr. FRANQUI'S oral statements about harming himself were ignored by police. Mr. FRANQUI'S first physical attempt at harming himself was also ignored by police, whom merely cut down his tee shirt which was affixed to the cell bars as a ~~nose~~ noose by FRANQUI. Despite oral and now physical acts placing police on notice of FRANQUI'S suicidal and obvious fragile state of mind, as well as FRANQUI'S numerous and continuous pleas for medical care, police ignored FRANQUI. Failing to remove FRANQUI to a hospital or continuously monitor his behavior was an egregious deviation from acceptable administrative, legislative and departmental regulations and state laws designed to insure the health safety and welfare of inmates placed in holding cells within the State of New York. As a result, FRANQUI hung himself with his own blue jeans. The cause of death was preliminarily reported by Suffolk Medical examiner as "Hanging with ligature mark"(pulmonary congestion), and the manner of death labeled a suicide. FRANQI'S suicide by hanging occurred in the 7th precinct holding cell which was monitored by video cameras, inside a precinct full of police officers on notice of FRANQUI'S suicidal state of mind. Thereafter, members of the Suffolk police department arrived, interviewed parties whom misrepresented and withheld material facts, in an effort to falsely report the true nature of events to avoid and shield members of the department from administrative and civil responsibility for their acts and failure to act, all which lead to

the unnecessary death of JACK FRANQUI IV. Those directly involved lied to State investigators and fabricated and altered physical evidence to conceal wrongdoing to avoid and shield members of the department from administrative and civil responsibility for their actions and/or inaction which lead to the unnecessary death of JACK FRANQUI IV. Thereafter defendants' fabricated a factual account alleging Mr. FRANQUI 'S behavior in an attempt to justify otherwise unlawful and egregious conduct. As part of this plan, Suffolk police officer Jane Doe, shield number 5736 and id #917351 and others not yet

none continue to harass SIMON EARL, a witness to the initial misconduct by intimidating him and his family, threatening them directly and indirectly by words and deeds after the date of events.

By conduct under color of State law, the defendant's committed numerous crimes against claimant including assault and battery, harassment, false arrest, false imprisonment, malicious prosecution, conspiracy and denial of claimants right to due process of law, right to counsel, libel, slander, intentional and negligent infliction of emotional duress, excessive force, cruel and inhuman treatment, denial of medical care, negligent supervision and other claims not yet known, and thereafter made false statements created and utilized to provide false evidence against the claimant while knowing such evidence was false and to be relied upon by a Judge, prosecutors, and State and local officials all against the rights guaranteed claimant by the U.S. and New York State Constitutions.

That as a direct result of defendants' conduct JACK FRANQUI IV unnecessarily died while surrounded by those sworn to protect and serve the citizens of the State of New York including JACK FRANQUI IV.

Dated: Mineola, New York, April 16, 2013

LAW OFFICES OF A. GRANDINETTE

By: Anthony M. Grandinette
Attorneys for Claimant
114 Old Country Road
Mineola, NY 11501
(516) 877-2889(T)
(516) 294-5348(F)

Grandinettelaw@gmail.com

X _____
Joaquin Franqui III

Sworn to on 18
Day of April 2013

ROBERT LEAKE
Notary Public, State of New York
Registration #01LE6205017
Qualified In Nassau County
Commission Expires May 4, 2017

TO: OFFICE OF THE SUFFOLK COUNTY ATTORNEY

H. LEE DENISON BUILDING

VETERANS MEMORIAL HIGHWAY

Hauppauge, New York 11501


NEW YORK ATTORNEY GENERALS OFFICE

120 Broadway

New York City, NY 10271-0332